**UNITED STATES BANKRUPTCY COURT**
Northern District of Florida
Panama City Division

In Re: Hollywood Excavating of Florida, LLC
Tax ID: 87−4233131
Debtor

Bankruptcy Case No.: 26−50156−MWC

Chapter: 11
Judge: Mary W. Colón

***ORDER CONTINUING DEBTOR−IN−POSSESSION, AUTHORIZING CONTINUATION OF BUSINESS COMBINED WITH AUTOMATIC STAY AND SPECIFIC INJUNCTION AND ON OTHER RELATED MATTERS***

***THIS CAUSE*** came on for consideration upon the verified petition filed on July 30, 2026. It appears that said petition complies with the requirements of Chapter 11 of Title 11, United States Code and that it was filed in good faith. This Court, being vested with exclusive jurisdiction over the Debtor and its property, wherever located, finds that, pending further order of this Court, the Debtor−in−Possession should be authorized to continue its business and manage its property and that specific injunctive relief and notice thereof should be given in addition to the automatic injunctive provisions of § 362 of Title 11, United States Code. It is

***ORDERED AND NOTICE IS HEREBY GIVEN that:***

1) The Debtor(s) is authorized and allowed to remain in full operation of its business and to manage as a Debtor−in−Possession, consistent with all applicable provisions of Chapter 11 of Title 11 of the United States Code, until further order of this Court. Subject to the duties, responsibilities, and liabilities of a trustee as provided in 11 U.S.C. § 1107 of Chapter 11 or 11 U.S.C. § 1184 of Chapter 11 and subject to the provisions of 11 U.S.C. § 363 and 11 U.S.C. § 364 the Debtor−in−Possession shall:

a) have full power and authority to conduct the continued operation of its business, including the authority to buy and sell merchandise, supplies and other property in the ordinary course of business for cash or by obtaining trade credit, to continue the employment of all present employees at present salaries and wages, to purchase or otherwise acquire for cash or by obtaining trade credit, such materials, equipment, machinery, supplies, services or other property as it may deem necessary and advisable in the ordinary course of business and in connection with the prudent operation and preservation and protection of the business, to enter into any contracts incidental to the normal and usual operation of said business and the management and preservation of said property, to keep the property of the estate insured in such manner and to such extent as it may deem necessary and advisable, to collect and receive all income and profits, and all outstanding accounts and credits due or to become due to the estate, and to hold and retain all monies thus received in excess of the expenses of operation to the end that the same may be applied under this or different or further orders of this Court, and to pay and discharge out of any funds now or hereafter coming into its hands, all taxes and similar charges lawfully incurred in the operation of its business and the preservation and maintenance of its properties since the filing of said petition;

b) close the present books of account as of the close of business on the date of the entry of this order, and shall open new books of account, as of the opening of business on the next succeeding business day, in which new books of account shall be kept proper accounts of the earnings, expenses, receipts, disbursements and all obligations incurred and transactions had in the operation of the business and the management, preservation and protection of the property of the estate; and said Debtor−in−Possession shall preserve proper records for all payments made on account of such disbursements;

c) close the existing bank accounts of the Debtor−in−Possession and open new accounts in the name of the Debtor−in−Possession. All deposits or investments of money of the estate must be made in accordance with 11 U.S.C. § 345.

2) Pursuant to § 362 of Title 11, United States Code, the filing of said petition operates, without notice, as an automatic stay of the commencement or continuation of any court or other proceeding against the

Debtor−in−Possession, of the enforcement of any judgment against it, or of any act or the commencement or continuation of any court proceeding to enforce any lien against its property. Proceedings, acts or conduct in contravention of this automatic stay are subject to invalidation and further sanctions by the Court as authorized by law.

3) Pursuant to § 1334(d) of Title 28, United States Code and Rule 7004(d), the jurisdiction and process of this Court extends throughout the United States.

4) Until final decree or further order of this Court, all creditors and stockholders, and all sheriffs, marshals, and other officers, and their respective attorneys, servants, agents and employees, and all other persons, firms and corporations, wheresoever located, be, and they hereby are, jointly and severally, enjoined and stayed from commencing or continuing in any court or other forum or otherwise any action at law or suit or proceeding against said Debtor−in−Possession or any trustees which may hereafter be appointed by this Court; and from executing or issuing or causing the execution or issuance out of any court or other authority any writ, process, summons, attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or enforcing a lien upon any property owned by or in the possession of the Debtor−in−Possession or any trustees appointed by the Court, and from doing any act or thing whatsoever to attempt execution or enforce any lien or interfere with the possession or management by said Debtor−in−Possession or trustees of the property and assets of the estate, or in any way interfere with said Debtor−in−Possession or any trustee in the discharge of their duties, or to interfere in any manner during the pendency of this proceeding with the exclusive jurisdiction of this Court over Debtor−in−Possession and its property and said trustees and their performance of their duties or their title, control and disposal of said properties; and all persons, firms or corporations owning any lands or buildings occupied by the Debtor−in−Possession or trustees or wherein is contained any property of the estate be, and they hereby are, jointly and severally, stayed, pending further order of this Court, from removing or interfering with any such property.

5) All persons, firms and corporations with contractual relations or other duties to the Debtor−in−Possession at the time of the filing of the petition, shall fully and timely perform and discharge those obligations and duties unless relieved of these duties by order of this Court.

6) All persons, firms and corporations are enjoined and stayed until further order of this Court from disturbing, interfering with, or interrupting utility services, including, but not limited to, the furnishing of gas, heat, electricity, water, telephone (including present telephone numbers) or any other utility of like kind furnished to the Debtor or Debtor−in−Possession.

7) All persons holding books, records, real or personal property or other assets of the Debtor−in−Possession of any kind whatsoever, including but not limited to monies, mortgages and choses in action are directed to forthwith turn over such assets to the Debtor−in−Possession upon its request and presentment of a copy of this order without further order of this Court.

8) Subject to the provisions of 11 U.S.C. § 364, the Debtor−in−Possession is hereby empowered to obtain goods on credit and to borrow funds in the name of the Debtor−in−Possession in the ordinary course of business. Upon approval by the Court, said debts will be accorded priority superior to unsecured debts existing at the time of the filing of the Debtor−in−Possession's petition. The Debtor−in−Possession may obtain credit other than in the ordinary course of business only upon application to and approval by the Court pursuant to applicable provisions of the Bankruptcy Code and Rules.

9) During the operation and management, the Debtor−in−Possession shall file with the court and with the members of the Creditor's Committee, the monthly report required under Fed. R. Bankr. P. 2015. The report for each month's operation shall be signed by the Debtor−in−Possession or an officer of the Debtor−in−Possession and shall be filed not later than the 20th day of the following month, i.e., a report for June's operation shall be filed on or before July 20th. At a minimum, each report shall specifically include a balance sheet, profit and loss statement, and a statement of changes in financial position (cash). The report shall further state whether or not the Debtor−in−Possession has paid all current operating expenses, including current taxes, and, if not, the extent to which they remain unpaid. The report shall list all current operating expenses unpaid at the end of each month.

10) Any Debtor−in−Possession that has elected to proceed under Subchapter V of Chapter 11 shall comply with the above provisions, to the extent that they apply, as well as the requirements in 11 U.S.C. §§ 1181−1195, and the currently effective Amendments to the Federal Rules of Bankruptcy Procedure relating to the Small Business Reorganization Act of 2019 (see, Administrative Order No. 20−001).

11) The Debtor−in−Possession shall comply with the terms and conditions set forth in this Court's Administrative Orders pertaining to Initial Procedures in Chapter 11 Cases which can be found on the Court's website at http://www.flnb.uscourts.gov.

***DONE AND ORDERED*** on July 31, 2026 .

/s/ Mary W. Colón
Mary W. Colón
U.S. Bankruptcy Judge

Service by the Court to: All Parties in Interest