FORM onstcfV (10/22)

**UNITED STATES BANKRUPTCY COURT**
Northern District of Florida
Panama City Division

In Re: Hollywood Excavating of Florida, LLC
Tax ID: 87−4233131
Debtor

Bankruptcy Case No.: 26−50156−MWC

Chapter: 11 Subchapter V
Judge: Mary W. Colón

***Order Prescribing Subchapter V Operating Procedures, Scheduling Status Conference, and Setting Deadline for Filing Plan***

Debtor has elected to proceed under Subchapter V of Chapter 11 of the United States Bankruptcy Code ("**Subchapter V**"). For that reason, it is

ORDERED:

1. **Operation of Business**. Debtor is authorized and allowed to remain in full operation of its business and to manage the same as a Debtor−in−Possession, pursuant to 11 U.S.C. § 1184. Subject to 11 U.S.C. § 363, Debtor is authorized to pay all necessary and current expenses of running its business, including all taxes and similar charges lawfully incurred in the operation of its business and the preservation and maintenance of its properties since the filing of the petition. Subject to 11 U.S.C. § 364, Debtor is hereby authorized to obtain goods on credit and to borrow funds in the name of Debtor in the ordinary course of business.

2. **Debtor−in−Possession Bank Accounts**. Consistent with 11 U.S.C. § 345, Debtor is authorized to open and maintain bank accounts for the deposit, investment, and disbursement of monies of the estate; provided, however, that Debtor shall segregate all monies withheld from employees or collected for taxes in separate bank account(s) and shall pay these funds to the proper authority when due.

3. **Communication with the Subchapter V Trustee**. The United States Trustee has appointed an individual to serve as the Subchapter V Trustee. Debtor's counsel or, if an individual debtor is self−represented, Debtor, shall contact the Subchapter V Trustee within five (5) business days of the appointment of the Subchapter V Trustee to discuss the Subchapter V Trustee's facilitation of the development of a consensual plan of reorganization. Debtor shall communicate regularly and share information with the Subchapter V Trustee as is appropriate under the facts of the case.

4. **Interim Compensation of the Subchapter V Trustee**. Within thirty (30) days of the petition date and continuing monthly thereafter, Debtor shall remit to the Subchapter V Trustee interim compensation in the amount of $525.00 to be held in trust until approved by the Court. The amount of the interim compensation is subject to review by the Court pursuant to 11 U.S.C. § 330.[1] Debtor shall include the Subchapter V Trustee's interim compensation in any proposed cash collateral budget.

5. **Subchapter V Case Management Summary**. Debtor is directed to file a Subchapter V Case Management Summary within five (5) business days following the petition date. The Case Management Summary shall include:

[1] In the event the Subchapter V Trustee receives interim compensation that exceeds the amount approved, the Subchapter V Trustee shall hold such excess in trust unless the Court orders otherwise.

a. Description of Debtor's business;

b. Locations of Debtor's operation(s) and whether leased or owned;

c. Reasons for filing Chapter 11;

d. List of officers and directors, if applicable, and their salaries and benefits at the time of filing and during the twelve (12) month period prior to filing;

e. Debtor's annual gross revenues;

f. Identity of and amounts due to various classes of creditors, including:

   i. Priority creditors such as governmental entities,

   ii. Secured creditors, and

   iii. Unsecured creditors.

g. General description and approximate value of Debtor's current and fixed assets;

h. Number of employees and amounts of wages owed as of the petition date;

i. Status of Debtor's payroll and sales tax obligations, if applicable; and

j. Anticipated emergency relief to be requested within fourteen (14) days from the petition date.

6. **Status Conference**. Pursuant to 11 U.S.C. § 1188(a), the Court will conduct a status conference on September 17, 2026, at 09:30 AM, ***Eastern Time***, at U.S. Bankruptcy Courthouse, 110 E. Park Avenue, 2nd Floor Courtroom, Tallahassee, FL 32301. Parties may appear at the following alternate location: via Zoom (NOTE: Zoom participants may not introduce evidence or cross examine witnesses without prior authorization of the Court. See FLNB Zoom participation instructions at www.flnb.uscourts.gov/zoom). The Court may set other status conferences as are appropriate in the case. No later than fourteen (14) days before the scheduled status conference, Debtor shall file and serve the report required by 11 U.S.C. § 1188(c) detailing:

a. Debtor's strategy for reorganization, including efforts Debtor has undertaken and will undertake to attain a consensual plan of reorganization;

b. An estimation of attorney's fees and other professional fees;

c. Anticipated significant events in the case;

d. The extent of Debtor's communications with the Subchapter V Trustee; and

e. The extent of Debtor's communications with creditors; and

f. Any other information necessary or relevant to an analysis of the progression of the case towards a consensual confirmation.

7. **Plan Filing Deadline**. Within ninety (90) days after the petition date, Debtor shall file a plan of reorganization that satisfies the requirements of 11 U.S.C. § 1190. The Plan Deadline may be extended under 11 U.S.C. § 1189(b) upon the filing of an appropriate motion and entry of an order granting that motion.

8. **Expedited Motions**. The following motions shall be scheduled for hearing within three (3) business days if reasonably possible, **and if the motions are served electronically or by facsimile transmission on requisite parties**:

a. **Motion Seeking Authority to Use Cash Collateral**. A motion seeking authority to use cash collateral pursuant to 11 U.S.C. § 363 shall comply with Bankruptcy Rule 4001(b) or (d) and include the following:

i. Required Terms:

1. Identification of each secured creditor having a security interest in the cash collateral, the basis upon which each secured creditor is entitled to assert a security interest in the cash collateral, and the amount owed to each secured creditor;

2. The type of adequate protection Debtor is offering each secured creditor (e.g., replacement lien, insurance);

3. The amounts and types of cash collateral on the petition date;

4. The amount of cash collateral which Debtor seeks authority to use from the date of the preliminary hearing on the motion through the final hearing on the motion, if Debtor seeks the use of cash collateral sooner than fifteen (15) days after service of the motion;

5. A budget setting forth the projected cash flow of Debtor for the period of time for which the use of cash collateral is sought; and

6. Provisions defining an event of default and consequences of default.

ii. Extraordinary Terms. The following provisions are considered extraordinary, must be detailed with specificity, and will generally not be approved absent compelling circumstances:

1. Any cross−collateralization provision that would secure the repayment of pre−petition debt with post−petition assets;

2. A waiver of any claims to include avoidance actions against any secured creditor;

3. A waiver of any rights the estate may have under 11 U.S.C. § 506(c);

4. Any factual stipulations or findings that bind the estate or parties in interest with respect to the validity, priority, and extent of secured creditor's liens;

5. Immediate relief from stay under the order approving use of cash collateral or automatic relief from stay upon default;

6. Granting of liens on avoidance action recoveries;

7. Validation of any secured creditor's security interest in its collateral upon entry of a cash collateral order or within a limited period of time after appointment of a committee pursuant to 11 U.S.C. § 1102; and

8. Any subordination of administrative priority claims arising under 11 U.S.C. § 726(c).

b. **Motion for Approval of Post−Petition Financing**. A motion seeking approval of post−petition financing pursuant to 11 U.S.C. § 364 shall comply with Bankruptcy Rule 4001(c) and (d) and must include:

i. The identity of the proposed lender and its relationship to any of the parties;

ii. The terms of the debt to be incurred ("DIP Loan") including:

1. The collateral in which the lender is seeking to obtain a security interest and whether the lender is seeking to prime existing liens;

2. The amount of the loan proposed to be extended by the lender;

3. The applicable interest rate and all other charges to be made in connection with the DIP Loan; and

4. The payment terms and duration of the DIP Loan or the proposed credit;

iii. The amount of credit which Debtor seeks authority to obtain from the date of the preliminary hearing on the motion through the final hearing on the motion, if Debtor seeks authority to obtain credit sooner than fifteen (15) days after service of the motion. Debtor shall attach a budget setting forth the projected cash flow of Debtor for the period of time for which the credit is sought;

iv. The efforts made to obtain financing from other lenders;

v. Debtor's ability to repay the DIP Loan; and

vi. The inclusion of any of the Extraordinary Terms listed in 8.A.ii.

c. **Motion for Authority for the Payment of Prepetition Wages**. A motion seeking authority to pay prepetition wages to employees of Debtor shall state:

i. The name of each employee to whom such wages are sought to be paid;

ii. The amount due such employee(s) as of the petition date;

iii. The amounts to be withheld from such wages, including all applicable payroll taxes and related benefits;

iv. The period of time for which prepetition wages are due;

v. Whether the employee is presently employed by Debtor;

vi. Whether any of the employees are insiders as defined in 11 U.S.C. § 101(31); and

vii. A representation that all applicable payroll taxes and related benefits due to Debtor's employees will be paid concurrently with payment of the wages.

d. **Motion to Pay Critical Vendors**. A motion seeking authority to pay critical vendors shall include:

i. The name of each vendor;

ii. The amount due to each vendor;

iii. A description of the goods or services provided to Debtor by each vendor;

iv. Facts and law supporting payment of the prepetition debt under the doctrine of necessity; and

v. Whether the vendor has made any concession or other agreement in consideration for the proposed payment, including the extension of post− petition trade credit.

e. **Motion for Authority to Maintain Prepetition Bank Accounts**. A motion seeking authority to maintain prepetition bank accounts shall include:

i. A list of each prepetition bank account which Debtor seeks to maintain post−petition;

ii. The reason for seeking such authority;

iii. The amount on deposit in each such account as of the petition date;

iv. Whether the depository is an authorized depository pursuant to 11 U.S.C. § 345(b); and

v. A representation that Debtor has consulted with the Office of the United States Trustee regarding the continued maintenance of prepetition bank accounts and the United States Trustee has not consented to the proposed maintenance or use of such accounts.

f. **Motion for Authority to Pay Affiliate Officer Salaries**. A motion to pay, on an interim basis, the salary of

any officer, manager, or employee, who also qualifies as an affiliate (collectively "Affiliate Officer") under 11 U.S.C. § 101(2)(A) shall include:

i. The name of the Affiliate Officer, the officer's position, and job responsibilities;

ii. The nature of the Affiliate Officer's relationship to Debtor;

iii. The salary received by the Affiliate Officer during the twelve (12) months prior to filing of Debtor's petition, including a description of any prepetition employment agreement;

iv. A description of any services performed for any third party or compensation received or which will be received by the Affiliate Officer from any source other than Debtor after the petition date;

v. The salary proposed to be paid to the Affiliate Officer, including all benefits; and

vi. The amounts to be withheld from such salary of the Affiliate Officer, including all applicable payroll taxes and related benefits.[2]

9. **Monthly Operating Reports**. Debtor shall file monthly operating reports required under Fed. R. Bankr. P. 2015(a)(6) and this Court's Local Rules.

10. **Insurance**. Debtor shall maintain insurance customary and appropriate to Debtor's industry.

11. **Mediation**. The Court may, on its own or on motion of Debtor, the Subchapter V Trustee, the United States Trustee, or creditor, enter an order directing parties to mediation.

12. **Failure to Comply**. Failure to comply with this Order may result in conversion or dismissal of the case, removal of Debtor as Debtor−in−Possession, and/or monetary sanctions against Debtor, and if appropriate, Debtor's counsel.

***DONE AND ORDERED*** on August 5, 2026.

/s/ Mary W. Colón
Mary W. Colón
U.S. Bankruptcy Judge

**SERVICE:** Service by the Court pursuant to applicable Rules.

[2] The Court, on its own or upon the timely motion of a party in interest, may review or reconsider an interim order authorizing the payment of Affiliate Officers' Salaries.