**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

IN RE:

HOLLYWOOD EXCAVATING OF FLORIDA, LLC, CASE NO. 26-50156-MWC
CHAPTER 11

Debtor.
_______________________________/

**MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT**

Notice of Opportunity to Object and for Hearing

Pursuant to Local Rule 2002-2, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within twenty-one (21) days from the date set forth on the proof of service plus an additional three days for service if any party was served by U.S. Mail, or such other period as may be specified in Fed. R. Bankr. P. 9006(f).

If you object to the relief requested in this paper, you must file an objection or response electronically with the Clerk of the Court or by mail at 110 E. Park Avenue, Suite 100, Tallahassee, FL 32301, and serve a copy on the movant's attorney, Bruner Wright, P.A., Attn: Samantha A. Kelley, at 2868 Remington Green Circle, Tallahassee, FL 32308, and any other appropriate person with the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing or consider the response and grant or deny the relief requested without a hearing.

If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

Hollywood Excavating of Florida, LLC ("Debtor"), files this Motion for Approval of a Compromise and Settlement ("Motion") pursuant to Fed. R. Bankr. P. 9019(a). This Motion seeks approval of the agreement set forth herein reached between the Debtor and Komatsu Financial Limited Partnership ("Komatsu") (collectively, the "Parties"). In support of this Motion, the Debtor states as follows:

**Background**

1. The Debtor filed its Chapter 11 petition on July 30, 2026 (the "Petition Date").

2. As of the Petition Date, the Debtor was obligated to Komatsu on a commercial equipment loan, which is evidenced by the Security Agreement – Conditional Sales Contract, as

amended, restated, supplemented, or modified from time to time (the "Finance Agreement"). Pursuant to the Finance Agreement, Komatsu holds a properly perfected, first priority security interest in and valid lien on One Komatsu D51PX-24 Crawler Dozer, with sweeps and screens (S/N 15061) (the "Equipment").

3. Prior to the Petition Date, Komatsu repossessed the Equipment because the Debtor defaulted on payments.

4. As of the Petition Date, Debtor owed the amount of $143,741.92 on the Finance Agreement, plus subsequently accruing interest, attorneys' fees, and other charges ("Indebtedness").

5. The Debtor filed the instant case to allow its cash flow to stabilize so it can reorganize and continue operations.

6. The Debtor requires continued use of the Equipment post-petition in the continued operation of its business. For that reason, Komatsu is entitled to adequate protection of its interests in the Equipment. Since the Petition Date, the Parties have commenced negotiations to resolve all issues and potential disputes between them. The instant Motion seeks approval of the agreement reached between the Parties to alleviate the need for further litigation.

7. The essential terms of the agreement between Parties, which are memorialized in this Motion, the Stipulation for Adequate Protection attached as Exhibit "A", and may be further memorialized the Debtor's plan and in any Order approving this Motion ("Settlement Agreement"), are as follows:

- Payments. Debtor shall provide adequate protection to Komatsu as follows: (i) Debtor shall pay Komatsu the sum of $10,000 on or before August 28, 2026; and (ii) thereafter, Debtor shall make monthly adequate protection payments to Komatsu in the amount of $4,586.03 per month, commencing on October 1, 2026,

and continuing on the first day of each successive month through the effective date of Debtor's plan of reorganization, or as otherwise directed by the Bankruptcy Court (each, an "Adequate Protection Payment," and collectively, the "Adequate Protection Payments").

- Return of Equipment. Upon timely receipt of the $10,000 payment required under Paragraph 2(i), Komatsu and/or its agents shall make the Equipment available for retrieval by Debtor at Debtor's sole cost and expense and at the location designated by Komatsu.
- Insurance. Debtor shall, until such time as all Indebtedness owed by Debtor to Komatsu has been paid off, (a) maintain insurance to fully insure the value of the Equipment pursuant to and in accordance with the Finance Agreement, (b) name Komatsu as a loss payee under the relevant insurance policy or policies, (c) provide Komatsu with any and all proof of insurance and notices under any applicable insurance policy or policies and (d) provide that the relevant insurance policy or policies require that any notice of intent to terminate or to modify insurance or of lapse or expiration of insurance is sent to Komatsu prior to any such termination, modification, lapse or expiration.
- Events of Default. Any of the following shall constitute an "Event of Default" hereunder:
    i. Debtor fails to pay when due any Adequate Protection Payment to Komatsu as required by this Stipulation;
    ii. Debtor fails to maintain and use the Equipment in accordance with this Stipulation and the Finance Agreement;

iii. the entry of an order converting this Bankruptcy Case to a case under Chapter 7 of the Bankruptcy Code;

iv. Debtor fails to comply with any term or provision of this Stipulation or the Finance Agreement (other than as modified by this Stipulation).

- Remedies upon an Event of Default. Upon the occurrence of an Event of Default, Komatsu shall have the right, in its sole discretion, to take the following actions:

i. mail written notice of the Event of Default (a "Notice of Default") by overnight mail to Debtor and its counsel at the following addresses, with a courtesy copy to be provided to counsel simultaneously by email:

Counsel for Debtor:
Bruner Wright, P.A.
Attn: Samantha A. Kelley, Esq.
2868 Remington Green Circle, Suite B
Tallahassee, FL 32308
skelley@brunerwright.com

Debtor:
Hollywood Excavating of Florida, LLC
4021Union Hill Road
Caryville, FL 32427

ii. if Debtor fails to cure such default within ten (10) calendar days of the date of the Notice of Default, Komatsu shall file a Notice of Termination of Stay with the Bankruptcy Court. Upon the filing of the Notice of Termination of Stay, the Automatic Stay shall be immediately terminated with respect to Komatsu and the Equipment without further cure, notice, hearing or order of this Bankruptcy Court;

iii. upon the termination of the Automatic Stay with respect to Komatsu and/or the Equipment, whether pursuant to the terms of this Order or otherwise, Komatsu is permitted to immediately exercise any and all rights and

remedies available to it with respect to Debtor and the Equipment under the Finance Agreement and applicable law, including, without limitation, repossession and foreclosure of the Equipment, and Debtor shall peacefully surrender and transfer possession thereof to Komatsu or its agents or designated representatives at a location designated by Komatsu;

iv. at its own cost, Komatsu is authorized to use GPS, if any, to locate and obtain information regarding the location, condition or usage of any Equipment at any time until all Indebtedness owed by Debtor to Komatsu has been paid in full. Debtor shall not disable or otherwise tamper with any GPS hardware or software on and/or in any of the Equipment at any time prior to Debtor's full repayment of all Indebtedness owed to Komatsu;

v. if this Bankruptcy Case is converted from chapter 11 to a case under a different chapter of title 11 of the United States Code, this Stipulation and Order shall remain binding on the Parties hereto and their successors and assigns. If this Bankruptcy Case is dismissed, this Stipulation and Order shall be deemed null and void and neither party shall be bound by its terms;

vi. nothing in this Stipulation and Order shall preclude or otherwise affect Komatsu's right to payment for post-petition attorneys' fees and expenses or other charges, to the extent allowable under 11 U.S.C. § 506 and the Finance Agreement;

vii. to the extent applicable, the fourteen (14) day stay imposed by Bankruptcy Rule 4001(a)(3) is hereby waived such that this Stipulation and Order is effective on the date that it is signed by the Bankruptcy Court.

- Retention of Rights. Komatsu retains all rights and remedies against Debtor regarding the Finance Agreement and Komatsu's interests in the Equipment, including, without limitation, Komatsu's right to file or amend any claims it has or may have against Debtor (other than any pre-petition claims or administrative claims), to seek relief from the Automatic Stay regardless of whether an Event of Default has occurred under this Stipulation, to seek additional adequate protection, to seek dismissal or conversion of this Bankruptcy Case, to seek the appointment of a trustee or examiner, to object to any plan of reorganization filed in this Bankruptcy Case or any other filing or motion in this Bankruptcy Case, to seek allowance of any claim permitted under Bankruptcy Code § 503(b), and to take such other actions as Komatsu may deem appropriate under the circumstances. Any forbearance or failure by Komatsu to exercise any right, remedy or power under this Stipulation shall not preclude the further or subsequent exercise thereof, and every right, power and remedy of Komatsu shall continue in full force and effect until such right, power or remedy is specifically waived or modified in a writing duly executed by a duly authorized representative of Komatsu.

## Memorandum of Law

8. Federal Rule of Bankruptcy Procedure 9019(a) provides that, after notice and a hearing, a court may approve a proposed settlement.

9. The Eleventh Circuit Court of Appeals has promulgated the following test for approval of a settlement:

- The probability of success in litigation;
- The difficulties, if any, to be encountered in the matter of collection;

- The complexity of the litigation involved and the expense, inconvenience, and delay associated therewith; and
- The interest of the creditors and a proper deference to their reasonable views regarding the matter.[1]

10. Pursuant to the standard set forth in *Justice Oaks II*, the Settlement Agreement between the Parties should be approved by this Court.

11. The Parties recognize the high costs of litigation, which in this case could become significant, and their respective probabilities of success.

12. The Debtor submits that this Settlement Agreement is in the best interests of the Debtor's estate and its creditors.

13. As a result of this Settlement Agreement, the Debtor will save a substantial amount of money on attorneys' fees by not having to litigate issues between the parties. In addition, the Settlement Agreement will greatly assist the Debtor in its efforts related to confirming a plan in this case.

14. The Parties request that the Court grant this Motion and approve the Settlement Agreement.

WHEREFORE, Debtor respectfully requests that the Court grant the instant Motion, approve the Settlement Agreement between the Parties set forth herein, and grant any other relief the Court deems just and proper.

Dated: August 31, 2026

Respectfully submitted,

**Bruner Wright, P.A.**
*Counsel for the Debtor-In-Possession*
2868 Remington Green Circle
Tallahassee, FL 32308
Office: (850) 385-0342

[1] *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir. 1990).

Fax: (850) 270-2441

By: */s/ Samantha A. Kelley*
Robert C. Bruner
Florida Bar No. 0065876
rbruner@brunerwright.com
Byron Wright III
Florida Bar No. 118971
twright@brunerwright.com

**CERTIFICATE OF SERVICE**

I, Samantha A. Kelley, hereby certify that a true and accurate copy of the above document was served on the following in the manner stated below:

1. **Served by the Court via Notice of Electronic Filing (NEF):** I have confirmed that the foregoing document was served by the Court via NEF on August 31, 2026 to the following persons at the email addresses noted herein:

Jason H. Egan on behalf of U.S. Trustee United States Trustee
jason.h.egan@usdoj.gov

Kathleen DiSanto, Subchapter V Trustee
disanto.trustee@bushross.com; kdisanto@bushross.com; bankruptcy.eservice@bushross.com; ecf.alert+disantoflnb@titlexi.com; kdisanto@ecf.courtdrive.com

United States Trustee
USTPRegion21.TL.ECF@usdoj.gov

2. **Served by U.S. Mail:** The foregoing document was served by first class, postage prepaid, U.S. Mail on the parties listed on the attached mailing matrix.

Date: August 31, 2026

*/s/ Samantha A. Kelley*
Samantha A. Kelley

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

| | |
|---|---|
| In re:<br><br>HOLLYWOOD EXCAVATING OF FLORIDA, LLC,<br><br>Debtor. | Case No. 26-50156-MWC<br><br>Chapter 11 |

**STIPULATION FOR ADEQUATE PROTECTION BY AND BETWEEN KOMATSU FINANCIAL LIMITED PARTNERSHIP AND DEBTOR**

**WHEREAS**, debtor Hollywood Excavating of Florida, LLC ("Debtor") and Komatsu Financial Limited Partnership ("Komatsu", and together with "Debtor", the "Parties"), by and through their respective counsel, hereby enter into this stipulation (this "Stipulation") and stipulate and agree as follows:

**WHEREAS**, Komatsu (as assignee) and Debtor are parties to that certain Security Agreement – Conditional Sales Contract (as amended, restated, supplemented or modified from time to time, the "Finance Agreement"), pursuant to which Komatsu holds a purchase money, first-priority and properly perfected security interest in and lien on One (1) Komatsu D51PX-24 Crawler Dozer, with sweeps and screens (S/N 15061) (the "Equipment").

**WHEREAS**, pursuant to the Finance Agreement, Debtor agreed to pay Komatsu the amounts set forth therein and granted Komatsu a first-priority security interest in and lien on the Equipment.

**WHEREAS**, on July 30, 2026 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"), thereby commencing the above-captioned case (the "Bankruptcy Case").

**WHEREAS**, prior to the Petition Date, Komatsu repossessed the Equipment due to Debtor's default under the Finance Agreement.

**WHEREAS**, Debtor intends to use the Equipment in the ordinary course of its business during the Bankruptcy Case, and the Equipment is necessary for Debtor's ongoing operations.

**WHEREAS**, at this time Komatsu lacks the information necessary to assess the Equipment's value, and Komatsu reserves all assessments and assertions as to the Equipment's value at least until such time as a current inspection/appraisal has been performed for the Equipment.

**WHEREAS**, the Parties have been engaged in good faith, arm's-length negotiations in an effort to reach an agreement regarding the Finance Agreement and the Equipment.

**WHEREAS**, as of the Petition Date, the total amount due and owing by Debtor to Komatsu under the Finance Agreement is **$143,741.92** (the "Indebtedness"), plus accruing attorneys' fees and costs and all other amounts due under the Finance Agreement.

**WHEREAS**, Debtor agrees to timely pay adequate protection payments to Komatsu each month, as required by this Stipulation and/or a related Order to be entered in this Bankruptcy Case approving this Stipulation (the "Order"), in consideration of Debtor's continued use and possession of the Equipment and in lieu of Komatsu seeking to lift the automatic stay of 11 U.S.C. § 362 (the "Automatic Stay") with respect to the Equipment.

**WHEREAS**, Debtor and Komatsu are in agreement with all terms of this Stipulation and Order.

**NOW, THEREFORE**, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

1. The Parties hereby agree that Debtor shall retain the Equipment, together with all present attachments, accessories, replacements parts and additions, subject to the terms and conditions set forth herein:

2. With respect to the Equipment, Debtor shall provide adequate protection to Komatsu as follows: (i) Debtor shall pay Komatsu the sum of $10,000 on or before August 28, 2026; and (ii) thereafter, Debtor shall make monthly adequate protection payments to Komatsu in the amount of $4,586.03 per month, commencing on October 1, 2026, and continuing on the first day of each successive month through the effective date of Debtor's plan of reorganization, or as otherwise directed by the Bankruptcy Court (each, an "Adequate Protection Payment," and collectively, the "Adequate Protection Payments").

3. Upon timely receipt of the $10,000 payment required under Paragraph 2(i), Komatsu and/or its agents shall make the Equipment available for retrieval by Debtor at Debtor's sole cost and expense and at the location designated by Komatsu.

4. The Adequate Protection Payments shall not be subject to disgorgement or recharacterization. The Adequate Protection Payments shall be in lieu of any other payments due by Debtor under the Finance Agreement. Debtor shall keep the Equipment in good and reasonable condition, shall perform regular maintenance on the same in accordance with the Finance Agreement in accordance with commercially reasonable maintenance standards for the Equipment, and shall allow representatives of Komatsu to inspect the Equipment on reasonable notice.

5. Debtor shall, until such time as all Indebtedness owed by Debtor to Komatsu has been paid off, (a) maintain insurance to fully insure the value of the Equipment pursuant to and in accordance with the Finance Agreement, (b) name Komatsu as a loss payee under the relevant insurance policy or policies, (c) provide Komatsu with any and all proof of insurance and notices

under any applicable insurance policy or policies and (d) provide that the relevant insurance policy or policies require that any notice of intent to terminate or to modify insurance or of lapse or expiration of insurance is sent to Komatsu prior to any such termination, modification, lapse or expiration.

6. The occurrence of any one or more of the following events shall constitute an "Event of Default" under this Stipulation:

(i) Debtor fails to pay when due any Adequate Protection Payment to Komatsu as required by this Stipulation;

(ii) Debtor fails to maintain and use the Equipment in accordance with this Stipulation and the Finance Agreement;

(iii) the entry of an order converting this Bankruptcy Case to a case under Chapter 7 of the Bankruptcy Code;

(iv) Debtor fails to comply with any term or provision of this Stipulation or the Finance Agreement (other than as modified by this Stipulation).

7. Upon the occurrence of an Event of Default, Komatsu shall have the right, in its sole discretion, to take the following actions:

(i) mail written notice of the Event of Default (a "Notice of Default") by overnight mail to Debtor and its counsel at the following addresses, with a courtesy copy to be provided to counsel simultaneously by email:

Counsel for Debtor:
Bruner Wright, P.A.
Attn: Samantha A. Kelley, Esq.
2868 Remington Green Circle, Suite B
Tallahassee, FL 32308
skelley@brunerwright.com

Debtor:
Hollywood Excavating of Florida, LLC
4021 Union Hill Road
Caryville, FL 32427

(ii) if Debtor fails to cure such default within ten (10) calendar days of the date of the Notice of Default, Komatsu shall file a Notice of Termination of Stay

with the Bankruptcy Court. Upon the filing of the Notice of Termination of Stay, the Automatic Stay shall be immediately terminated with respect to Komatsu and the Equipment without further cure, notice, hearing or order of this Bankruptcy Court.

(iii) upon the termination of the Automatic Stay with respect to Komatsu and/or the Equipment, whether pursuant to the terms of this Order or otherwise, Komatsu is permitted to immediately exercise any and all rights and remedies available to it with respect to Debtor and the Equipment under the Finance Agreement and applicable law, including, without limitation, repossession and foreclosure of the Equipment, and Debtor shall peacefully surrender and transfer possession thereof to Komatsu or its agents or designated representatives at a location designated by Komatsu.

(iv) at its own cost, Komatsu is authorized to use GPS, if any, to locate and obtain information regarding the location, condition or usage of any Equipment at any time until all Indebtedness owed by Debtor to Komatsu has been paid in full. Debtor shall not disable or otherwise tamper with any GPS hardware or software on and/or in any of the Equipment at any time prior to Debtor's full repayment of all Indebtedness owed to Komatsu.

(v) if this Bankruptcy Case is converted from chapter 11 to a case under a different chapter of title 11 of the United States Code, this Stipulation and Order shall remain binding on the Parties hereto and their successors and assigns. If this Bankruptcy Case is dismissed, this Stipulation and Order shall be deemed null and void and neither party shall be bound by its terms.

(vi) nothing in this Stipulation and Order shall preclude or otherwise affect Komatsu's right to payment for post-petition attorneys' fees and expenses or other charges, to the extent allowable under 11 U.S.C. § 506 and the Finance Agreement.

(vii) to the extent applicable, the fourteen (14) day stay imposed by Bankruptcy Rule 4001(a)(3) is hereby waived such that this Stipulation and Order is effective on the date that it is signed by the Bankruptcy Court.

8. Komatsu retains all rights and remedies against Debtor regarding the Finance Agreement and Komatsu's interests in the Equipment, including, without limitation, Komatsu's right to file or amend any claims it has or may have against Debtor (other than any pre-petition claims or administrative claims), to seek relief from the Automatic Stay regardless of whether an Event of Default has occurred under this Stipulation, to seek additional adequate protection, to

seek dismissal or conversion of this Bankruptcy Case, to seek the appointment of a trustee or examiner, to object to any plan of reorganization filed in this Bankruptcy Case or any other filing or motion in this Bankruptcy Case, to seek allowance of any claim permitted under Bankruptcy Code § 503(b), and to take such other actions as Komatsu may deem appropriate under the circumstances. Any forbearance or failure by Komatsu to exercise any right, remedy or power under this Stipulation shall not preclude the further or subsequent exercise thereof, and every right, power and remedy of Komatsu shall continue in full force and effect until such right, power or remedy is specifically waived or modified in a writing duly executed by a duly authorized representative of Komatsu.

9. The Bankruptcy Court shall have exclusive jurisdiction to implement and enforce the terms and provisions of this Stipulation, including any disputes with respect to this Stipulation.

**STIPULATED, AGREED AND ACKNOWLEDGED BY:**

Dated: August 13, 2026

By: /s/ George L. Zinkler, III
George L. Zinkler, III, Esq.
Lorium Law
100 N.E. Third Ave, Suite 700
Fort Lauderdale, FL 33301
Tel: (954) 462-8000
Email: gzinkler@loriumlaw.com

*Attorneys for Creditor*
*Komatsu Financial Limited Partnership*

Dated: August 20, 2026

By: /s/ Samantha A. Kelley
Samantha A. Kelley, Esq.
Bruner Wright, P.A.
2868 Remington Green Circle
Tallahassee, FL 32308
Tel: (850) 385-0342
Email: skelley@brunerwright.com

*Attorneys for Debtor*

Label Matrix for local noticing
1129-5
Case 26-50156-MWC
Northern District of Florida
Panama City
Mon Aug 31 12:46:44 EDT 2026

Florida Dept. of Labor/Employment Security
c/o Florida Dept. of Revenue
P.O. Box 6668
Tallahassee, FL 32314-6668

Florida Dept. of Revenue
Bankruptcy Unit
P.O. Box 6668
Tallahassee, FL 32314-6668

Hollywood Excavating of Florida, LLC
4021 Union Hill Road
Caryville, FL 32427-2439

U.S. Securities & Exchange Commission
Atlanta Reg Office and Reorg
950 E Paces Ferry Rd NE
Ste. 900
Atlanta, GA 30326-1382

(p)UNITED STATES ATTORNEY'S OFFICE
111 NORTH ADAMS STREET
4TH FLOOR
TALLAHASSEE FL 32301-7730

*Community South Credit Union
1044 Hwy 90 East
Chipley, FL 32428-2162

*Internal Revenue Service
IRS - Centralized Insolvency Operation
PO Box 7346
Philadelphia, PA 19101-7346

*JPMorgan Chase Bank, N.A.
c/o National Bankruptcy Services LLC
P.O. Box 9013
Addison, TX 75001-9013

(p)KOMATSU AMERICA CORP
ATTN BEA BARRY
8770 W BRYN MAWR AVENUE STE 100
CHICAGO IL 60631-3782

*Kubota Credit Corporation U.S.A.
4021 Union Hill Road
Caryville, FL 32427-2439

*Performance Peterbuilt of Talla. LLC
335 Commeerce Blvd.
Midway, FL 32343-6635

*R K Allen Oil Co.
723 W. Main Street
Pensacola, FL 32502-5562

CNH Industrial Capital America LLC
P.O. Box 63048
Newark, NJ 07101-8065

Weyman Wheeler
4021 Union Hill Road
Caryville, FL 32427-2439

United States Trustee +
110 E. Park Avenue
Suite 128
Tallahassee, FL 32301-7728

United States Attorney General +
Office of the Attorney General
Main Justice Bldg., Rm. 511
Tenth & Constitution
Washington, DC 20530-0001

Secretary of the Treasury +
U.S. Treasury Department
15th & Pennsylvania Ave.
Washington, DC 20220-0001

Internal Revenue Service +
P.O. Box 7346
Philadelphia, PA 19101-7346

Jason H. Egan +
Office of the U. S. Trustee
110 E. Park Avenue
Suite 128
Tallahassee, FL 32301-7728

Robert C. Bruner +
Bruner Wright, P.A.
2868 Remington Green Circle
Tallahassee, FL 32308-3755

Byron Wright III+
Bruner Wright, P.A.
2868 Remington Green Circle
Tallahassee, FL 32308-3755

John Van Hise III+
Bruner Wright
2868 Remington Green Cir B
Tallahassee, FL 32308-3755

Samantha A. Kelley +
Bruner Wright, PA
2868 Remington Green Circle
Suite B
Tallahassee, FL 32308-3755

Kathleen L DiSanto +
Bush Ross, P.A.
PO Box 3913
Tampa, FL 33601-3913

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

United States Attorney's Office
111 North Adams Street
4th Floor
Tallahassee, FL 32301-7730

*Komatsu Financial
8770 W. Bryn Mawr Ave. Ste. 100
Chicago, IL 60631

End of Label Matrix
Mailable recipients 24
Bypassed recipients 0
Total 24